HAZOURI, J.
Amanda Hyde appeals her conviction and sentence for child neglect following a jury trial. Hyde contends the trial court erred in denying her motion for judgment of acquittal because there was insufficient evidence that she neglected her child by willfully failing to provide care so as to result in the reasonable expectation of serious physical injury to her child. We agree and reverse for entry of a judgment of acquittal.
Hyde was charged by information with neglect of a child, a third degree felony pursuant to section 827.03(3)(c), Florida Statutes (2003). Hyde was charged with failing or omitting to provide her child “with the care, supervision, and services necessary to maintain the child’s physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the child, ...” between August 1, 2003, and October 20, 2003.
Upon a review of the record, we conclude that the state did not present sufficient evidence to support a conviction for the charge of neglect of a child. The state presented no evidence that Hyde willfully failed to provide sufficient care for her child so as to result in the reasonable expectation of serious physical harm.
The only testimony presented concerning Hyde’s conduct was that her child had a very bad diaper rash which caused her buttocks and genital areas to be red and blistered, with an “unusual and foul body odor.” The only expert testimony at trial came from the child’s primary care pediatrician, Dr. Moshe Adler. Dr. Adler had been a pediatrician for twenty-three years and had personally treated the child on nine occasions. Dr. Adler described the child as a very premature baby born after only twenty-five weeks of gestation. He treated her for many childhood illnesses, including rashes, allergic reactions, ear infections, coughing, wheezing, fevers, and diarrhea. He and his colleagues consistently found the child to be alert, active, strong, and happy. There was never any notation made on the child’s forms of any signs of neglect or abuse, she was current on all of her immunizations, and, although small for her age, was growing as expected. The state called no expert witness and presented only lay witnesses whose testimony was insufficient to support the conviction. We therefore reverse the conviction and sentence for entry of a judgment of acquittal.

Reversed.

WARNER and GROSS, JJ., concur.